**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

KEVIN JARVORIS MOORE,

    Petitioner,                             CASE NO. 2:07-CV-14564
                                                HONORABLE DENISE PAGE HOOD
v.                                           UNITED STATES DISTRICT JUDGE

THOMAS K. BELL,

    Respondent.
_____/

## OPINION AND ORDER GRANTING IN PART AND DENYING IN PART A CERTIFICATE OF APPEALABILITY AND GRANTING PETITIONER LEAVE TO APPEAL IN FORMA PAUPERIS

On June 23, 2009, this Court issued an opinion and order denying petitioner's application for writ of habeas corpus brought pursuant to 28 U.S.C. § 2254. *See Moore v. Bell,* 2009 WL 1803192 (E.D. Mich. June 23, 2009). The United States Court of Appeals for the Sixth Circuit has remanded this matter for a determination of whether to grant or deny petitioner a certificate of appealability. *Moore v. Bell,* U.S.C.A. No. 09-2011 (6th Cir. November 30, 2009). Also pending before the Court are petitioner's motions for a certificate of appealability and to proceed *in forma pauperis* on appeal. For the reasons stated below, petitioner's motion for a certificate of appealability is granted in part and denied in part. The Court will also grant petitioner leave to appeal *in forma pauperis.*

1

**I. The certificate of appealability.**

**A. Standard of Review.**

In order to obtain a certificate of appealability, a prisoner must make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To demonstrate this denial, the applicant is required to show that reasonable jurists could debate whether, or agree that, the petition should have been resolved in a different manner, or that the issues presented were adequate to deserve encouragement to proceed further. *Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). When a district court rejects a habeas petitioner's constitutional claims on the merits, the petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims to be debatable or wrong. *Id.* at 484.

**B. The individual claims.**

**1. Claim # 2. The insufficiency of evidence claim.**

In his first substantive claim, petitioner alleged that there was insufficient evidence of premeditation and deliberation to support his conviction for first-degree murder. [1]

For reasons stated by this Court in greater detail in its original opinion, there was sufficient evidence for a rational trier of fact to conclude that petitioner

---

[1] As noted by this Court in its original opinion, petitioner's first "claim" was actually an argument that his procedurally defaulted claims should be heard on the merits. This claim was mooted by virtue of the fact that the Court addressed the merits of each of petitioner's substantive claims.

2

acted with premeditation and deliberation in killing the victim. The Court noted that evidence that the petitioner fired five shots at the victim would support an inference of premeditation and deliberation, as would evidence that petitioner shot the victim twice in the back. The fact that petitioner had to pump or "rack" the shotgun before each shot was also sufficient to establish that petitioner acted with premeditation and deliberation. Evidence that petitioner hid the murder weapon after the shooting also supported a finding of premeditation and deliberation. Finally, the fact that petitioner attempted to elude the police after the arrest would also support a finding of premeditation and deliberation.

In this case, the issue of whether there was sufficient evidence of premeditation to support petitioner's conviction for first-degree murder was not debatable among jurists of reason, so as to support the issuance of a certificate of appealability on this claim. *Compare Place v. Cunningham,* 768 F. Supp. 911 (D.N.H. 1990). In light of the ample evidence in this case that petitioner acted with premeditation and deliberation when he shot the victim, the Court's ruling that the Michigan Court of Appeals' determination that there was sufficient evidence to find petitioner guilty of first-degree premeditated murder would not be debatable among reasonable jurists. Petitioner is therefore not entitled to a certificate of appealability on this claim. *See Williams v. Puckett,* 283 F. 3d 272, 277-278 (5th Cir. 2002).

    **2. Claims # 3, # 4, and # 7. The prosecutorial misconduct/ineffective**

**assistance of trial counsel claims.**

In his third and fourth claims, petitioner alleged that he was deprived of a fair trial because of prosecutorial misconduct. In his related seventh claim, petitioner contended that trial counsel was ineffective for failing to object to the misconduct.

In his third claim, petitioner argued that the prosecutor testified as to facts that had not been introduced into evidence, vouched for the credibility of witnesses, and branded certain statements made by petitioner as being "lies." The Court rejected this claim, concluding that the prosecutor's comments did not imply any personal knowledge on the part of the prosecutor, but were proper comments on the evidence that had been introduced at trial and any reasonable inferences that could be drawn from them. The Court further found that the prosecutor's comments about petitioner being a liar were made when the prosecutor was comparing petitioner's different stories with the testimony of the other witnesses. Finally, any alleged vouching by the prosecutor for the credibility of witnesses did not entitle petitioner to habeas relief, because the jury was informed by the judge that the prosecutor's arguments were not evidence and the judge instructed jury as to the factors to consider in evaluating the credibility of the witnesses' testimony.

In his fourth claim, petitioner alleged that it was improper for the prosecutor to comment that only petitioner and the victim knew petitioner's motive for the

4

killing, claiming that this amounted to an impermissible comment on petitioner's failure to testify. The Court rejected this claim, because there were witnesses other than petitioner or the victim who could have provided evidence regarding petitioner's motive for the killing. Petitioner was also not entitled to habeas relief on this claim, because the prosecutor's remarks were neither flagrant nor repeated. The Court further rejected petitioner's claim, in light of the trial court's instruction to the jury about petitioner's right not to testify. Lastly, the Court found the prosecutor's comments to be harmless error at best, in light of the additional evidence admitted against petitioner, including his own confession.

With regards to petitioner's seventh claim, because the prosecutor's conduct was either not improper or harmless error, this Court concluded that counsel's failure to object to the prosecutor's comments and questions was not ineffective assistance of counsel.

A certificate of appealability is not warranted where a petitioner fails to show that a prosecutor's statements rose to the level of a substantial showing of the denial of a constitutional right. *See Corwin v. Johnson*, 150 F.3d 467, 477 (5th Cir. 1998). Petitioner is not entitled to a certificate of appealability on his third claim, because the prosecutor's comments had at least some support from the evidence. *See Myers v. Mahaffey,* 41 Fed. Appx. 217, 220 (10th Cir. 2002). Petitioner is not entitled to a certificate of appealability with respect to fourth claim that the prosecutor improperly commented on petitioner's right to remain silent,

5

because reasonable jurists could not debate whether this issue should have been resolved in a different manner. *See Barrientes v. Johnson,* 221 F.3d 741, 781 (5th Cir. 2000).

The Court will also deny petitioner a certificate of appealability with respect to his seventh claim. A habeas petitioner's ineffective assistance of counsel claim must make a substantial showing of the denial of a constitutional right so as to justify the issuance of a certificate of appealability. *See Skaggs v. Parker*, 235 F. 3d 261, 266 (6th Cir. 2000). For the reasons stated by this Court in its original opinion and order, petitioner has failed to make a substantial showing that he was denied the effective assistance of trial counsel.

### 3. Claim # 5. The custodial statement claim.

In his fifth claim, petitioner argued that the trial court erred in denying his motion to suppress his statement to the police, claiming that he had invoked his right to counsel during the police interrogation.

This Court rejected the claim, finding the admission of petitioner's custodial statement to be harmless error, in light of the additional evidence presented against petitioner. However, this Court rejected the state court's finding that it was petitioner, and not the police, who reinitiated the discussions after petitioner had invoked his right to counsel:

> "In the present case, Petitioner most likely invoked his right to counsel by giving Sergeant Gardner the name and telephone number of his attorney and asking Sergeant Gardner to call her. *See Abela v. Martin*,

6

>380 F.3d 915, 926 (6th Cir. 2004) (statement "maybe I should talk to an attorney by the name of William Evans" was an unequivocal request for counsel where the suspect specifically named his attorney and gave the police officer the attorney's business card).  However, when Petitioner was informed by Sergeant Gardner that he was unable to contact his attorney, Petitioner put the card back into his pocket.  It is unclear whether it was Sergeant Gardner or Petitioner who reinitiated the subsequent conversation.  *What is troublesome to this Court is that after attempting to contact Petitioner's lawyer, Sergeant Gardner clearly began asking questions of petitioner to see if he wished to make an incriminating statement.  Under the circumstances, the Michigan courts may have erred in finding that it was Petitioner, and not the officer, who reinitiated the interrogation after Petitioner had invoked his right to counsel.  Compare U.S. v. Ware*, 338 F.3d 476, 481 (6th Cir.2003) (detective's question, "Any other suggestions or guesses?" did not constitute interrogation in violation of *Miranda*, after arrestee had invoked his right to counsel; such question was posed immediately after arrestee was informed that the attorney the arrestee wished to speak to could not be located, so that the question was aimed at acquiring counsel for defendant rather than at eliciting incriminating information)." *Moore v. Bell,* 2009 WL 1803192, Slip. Op. at * 10 (emphasis added).

Although this Court believes that it was correct to reject petitioner's fifth claim on harmless error grounds, this Court was nonetheless troubled by the circumstances surrounding petitioner's interrogation, as well as by the Michigan Courts' determination that it was petitioner who reinitiated contact with the detective.  In light of this Court's concern in denying petitioner habeas relief on his *Miranda* claim, the Court will issue a certificate of appealability to petitioner on this issue. *See e.g. Worden v. McLemore,* 200 F. Supp. 2d 746, 756 (E.D. Mich. 2002).

### 4.  Claim # 6.  The jury instruction claim.

Petitioner next contended that the trial court erred in giving the jury an

7

instruction on intoxication as a defense to the charges, in light of the fact that petitioner did not present an intoxication defense.

This Court concluded that petitioner was unable to show that he was prejudiced by the giving of an instruction on the defense of intoxication, as this could only have helped the defense. Because the intoxication instruction could only have worked to petitioner's benefit, petitioner was not entitled to habeas relief on this claim. *See Karis v. Calderon,* 283 F. 3d 1117, 1132 (9th Cir. 2002)(petitioner not entitled to habeas relief where erroneous jury instruction could have worked to petitioner's benefit). In light of the fact that the trial court's instruction did not render petitioner's trial fundamentally unfair, he is not entitled to a certificate of appealability with respect to this claim.

**5. Claim # 8. The Confrontation Clause claim.**

Petitioner next contended that he was denied his right to confrontation when the trial court refused to allow defense counsel to question a witness named Marcus Byrd that a man named Antonio Jackson had told him something about the shooting. The trial court excluded the testimony on the ground that it was hearsay. The Confrontation Clause is not violated by limiting the questioning of witnesses on the grounds that the evidence is hearsay or irrelevant. *See Takacs v. Engle,* 768 F. 2d 122, 125 (6th Cir. 1985); *Dell v. Straub*, 194 F.Supp.2d 629, 644 (E.D.Mich. Feb 28, 2002). The Court declines to grant petitioner a certificate of appealability on this claim, because jurists of reason would not find

this Court's resolution of petitioner's Confrontation Clause claim to be debatable. *Compare Robinson v. Stegall,* 157 F. Supp. 2d 802, 824 (E.D. Mich. 2001).

### 6. Claim # 9. The ineffective assistance of appellate counsel claim.

Petitioner lastly claimed that appellate counsel was ineffective for failing to raise his seventh and eigth claims in his appeal of right.

The Court rejected this claim, because petitioner's seventh and eighth claims lacked merit. Accordingly, appellate counsel was not ineffective in failing to properly raise these claims in his appeal of right. *See Malcum v. Burt,* 276 F. Supp. 2d 664, 678 (E.D. Mich. 2003). Petitioner is not entitled to a certificate of appealability on his ineffective assistance of appellate counsel claim, because jurists of reason could not debate this Court's determination that petitioner was not deprived of the effective assistance of appellate counsel. *See Silvia v. Hall,* 71 Fed. Appx. 853, 856 (1st Cir. 2003).

### II. Leave to Appeal In Forma Pauperis.

In light of the fact that the Court is granting petitioner a certificate of appealability on his fifth claim, the Court will also grant petitioner leave to appeal *in forma pauperis* (IFP). A court may grant IFP status if this Court finds that an appeal is being taken in good faith. *See* 28 U.S.C. § 1915(a)(3); Fed. R.App.24 (a); *Foster v. Ludwick*, 208 F. Supp. 2d 750, 765 (E.D. Mich. 2002). Good faith requires a showing that the issues raised are not frivolous; it does not require a showing of probable success on the merits. *Id.* Because this Court is granting a

certificate of appealability, this Court will find that petitioner's appeal is being undertaken in good faith and will grant him leave to appeal *in forma pauperis*. *See Brown v. United States,* 187 F. Supp. 2d 887, 893 (E.D. Mich. 2002).

## ORDER

**IT IS HEREBY ORDERED** that a certificate of appealability shall be issued with respect to petitioner's claim that the his Fifth Amendment rights were violated by the admission of his custodial statement into evidence. (Claim # 5). The certificate of appealability shall be **DENIED** with respect to the remaining claims.

**IT IS FURTHER ORDERED** that the petitioner shall be granted leave to appeal *in forma pauperis* is **GRANTED.**

                                                  S/Denise Page Hood
                                                  Denise Page Hood
                                                  United States District Judge

Dated: January 5, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record Kevin Moore, Reg. No. 353571, Carson City Correctional Facility, 10522 Boyer Rd., Carson City, MI 48811 on January 5, 2010, by electronic and/or ordinary mail.

                                                  S/William F. Lewis
                                                  Case Manager