# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

KEVIN JARVORIS MOORE,

    Petitioner,               CASE NO. 2:07-CV-14564
                                     HONORABLE DENISE PAGE HOOD
v.                              CHIEF UNITED STATES DISTRICT JUDGE

THOMAS K. BELL,

    Respondent.
_____/

**OPINION AND ORDER DENYING THE MOTION FOR AN EXTENSION OF TIME TO FILE A RESPONSIVE PLEADING (Doc. 27) AND THE MOTION FOR IMMEDIATE RELEASE FROM CUSTODY (Doc. 28).**

      Petitioner Kevin Jarvoris Moore has filed a motion for an extension of time to file a responsive pleading and a motion for immediate release from custody. For the reasons that follow, the motions are DENIED without prejudice to petitioner filing a new petition for writ of habeas corpus under a new case number to challenge his new conviction.

      Petitioner was originally convicted in the Wayne County Circuit Court in 2001 of first-degree premeditated murder, felon in possession of a firearm, and possession of a firearm in the commission of a felony. Following the exhaustion of his state court remedies, petitioner filed a petition for writ of habeas corpus with this Court. This Court denied the petition. *Moore v. Bell*, No.

1

2:07-CV-14564, 2009 WL 1803192 (E.D. Mich. June 23, 2009). The United States Court of Appeals for the Sixth Circuit reversed this Court's decision and granted petitioner a writ of habeas corpus, holding that the admission of a statement that petitioner made while in police custody, after requesting counsel, violated his constitutional right to remain silent. The Sixth Circuit ordered that petitioner be retried. *Moore v. Berghuis*, 700 F.3d 882, 884 (6th Cir. 2012), *cert. den.* 569 U.S. 973 (2013).

Petitioner was retried for the same offenses and was again found guilty. His new conviction has been affirmed on appeal. *People v. Moore*, No. 318661, 2015 WL 2448498 (Mich. Ct. App. May 21, 2015); *lv. den.* 498 Mich. 957 (2015). Petitioner has also been denied post-conviction relief. *People v. Moore,* No. 341536 (Mich.Ct.App. Feb. 1, 2018); *lv. den.* 917 N.W. 2d 650 (2018).

Petitioner has now filed a motion for an extension of time to essentially file a petition of writ of habeas corpus to challenge this new conviction. Petitioner also filed a motion for immediate release from custody. Petitioner in both motions challenges the validity of his new conviction following his retrial in the Wayne County Circuit Court. Petitioner filed both motions in this case number involving his old petition and his old conviction.

A petitioner who seeks habeas relief seeks invalidation, in whole or in

part, of the judgment authorizing the prisoner's confinement. If the petition for writ of habeas corpus is granted, as was the case here, the State may seek to obtain a new judgment, through a new trial or a new sentencing proceeding, as the State of Michigan did in petitioner's case. *See Magwood v. Patterson*, 561 U.S. 320, 332 (2010). Petitioner's claim that his retrial, which followed the conditional grant of federal habeas relief, was constitutionally invalid, involves a challenge to a new judgment which occurred after petitioner had been granted habeas relief from his original conviction. If petitioner wishes to challenge his new conviction, he cannot do it in his prior habeas case but must file a new habeas petition to raise claims arising from his retrial. *See Wansing v. Hargett*, 115 F. App'x 27, 31 (10th Cir. 2004).

Accordingly, the Court denies the motion for an extension of time to file responsive pleadings and the motion for immediate release from custody. The denial is without prejudice to petitioner filing a new habeas petition under a new case number to challenge his new conviction.

s/Denise Page Hood
**HON. DENISE PAGE HOOD**
CHIEF UNITED STATES DISTRICT JUDGE

DATED: February 8, 2019